## CHARLES MCDONALD v. B. BEER.

FILED NOVEMBER 7, 1894.    No. 5690.

Usury: RENEWAL NOTES. Where a loan is made at a legal rate of interest and a note executed as evidence of the indebtedness thereby created, and at the maturity of the note a contract is made by which the time of payment is extended and a new note is given in which is included interest on the amount of the loan at a usurious rate for the time of the extension, the renewal note is tainted with usury.

ERROR from the district court of Lincoln county. Tried below before HOLCOMB, J.

*George E. French* and *J. S. Hoagland,* for plaintiff in error.

*B. I. Hinman* and *T. Fulton Gantt, contra.*

HARRISON, J.

On the 6th day of April, 1889, the plaintiff instituted an action against the defendant, the object of which, as stated in the petition then filed, was the recovery of a judgment against the defendant in the sum of $5,863.11 and interest, the aggregate sum then due plaintiff, according to his petition, from defendant, as evidenced by two promis-

sory notes which had theretofore been executed by defendant and delivered to plaintiff. The defendant's answer was a plea of usury, alleging, in substance, that the notes upon which the suit was brought were renewals of other and prior notes and these were renewals of prior notes, and thus carrying the history back through a series of notes to the originals, and alleging that all were tainted with usury by reason of the contract which was made between the parties, regarding interest, at the time of the execution of the original notes which were given by defendant to plaintiff as evidence of the indebtedness created by a loan of money then made by plaintiff to defendant. The allegations of the answer relating to usury were denied in reply filed by the plaintiff. The case was tried to the court without the intervention of a jury, and resulted in a finding in favor of defendant as to his plea of usury, and judgment · was rendered accordingly, reducing the amount of plaintiff's recovery and allowing costs to defendant. Plaintiff filed a motion for a new trial, which, on the hearing, was overruled, and the case was brought to this court for review by petition in error on behalf of plaintiff. The counsel for plaintiff contend that the original contract was for the payment of interest at the rate of ten per centum per annum, and that the loan in its inception being legal and not usurious, that the facts of the interest being raised to a higher rate than the lawful one at the date of a renewal or renewals, of which there were several, would not constitute the contract a usurious one, and cause his client to suffer the result of contracting for or taking or receiving a usurious rate of interest. The evidence shows that the loans were effected and the original notes given, one for $5,000 November 23, 1883, and one for $2,000 February 14, 1889, the first due in ninety days after date, and the second in sixty, and each drawing interest at ten per centum per annum; that on March 22, 1884, the $5,000 note was renewed by a note in the sum of $5,140, the $140 being the

interest as figured on the five thousand from November 23, 1883, to March 22, 1884. The note for $2,000 of date February 14, 1884, and the note for $5,140 were neither of them paid at maturity, but were allowed to run until January 16, 1885, at which date new notes were given, including interest at a usurious rate, and the old notes were canceled and returned to the defendant in error. The judge who tried the case in the district court evidently adopted the view that the transaction was an illegal one or tainted with usury from the date January 16, 1885, when the first renewal notes were given in part for the interest figured at a usurious rate, and rendered judgment for the amounts loaned with legal interest from the dates of inception to January 16, 1885, deducting therefrom the several sums paid, and this we think was right and according to the correct rule of law as applied to such transactions. Where a loan is made at a legal rate of interest and a note executed as evidence of the indebtedness thereby created, and at the maturity of the note a contract is made by which the time of payment is extended and a new note is given in which is included interest on the amount of the loan at a usurious rate for the time of the extension, the renewal note is tainted with usury. (Tyler, Usury, 352; *Webb v. Bishop*, 7 S. E. Rep. [N. Car.], 698, and cases cited.) The judgment of the district court is therefore

AFFIRMED.